

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 27, 1959

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Opinion No. WW- 561

Re: Sale of personal stock of officers and directors of an insurance company and the duty owed by such officers and directors to the insurance company.

Dear Mr. Commissioner:

You have asked us to rule whether, under the facts submitted with your opinion request, persons designated as Y and Z, who are directors and officers of a company designated as Company A, have breached their fiduciary duty to Company A. You have also asked us to rule as to whether under the facts submitted there was a breach of fiduciary duty by the officers and directors of a company designated as Company B. The complexity and detail set out in the fact situation accompanying the opinion request and the breadth of the legal principals involved precludes a lengthy discussion of the facts and law in this opinion. We have, however, given careful consideration to all questions raised and to the briefs and memoranda submitted by other interested parties.

We understand that you desire this ruling in order to aid you in determining what action, if any, you might take pursuant to Section 3, Art. 1.14 of the Insurance Code. We cannot, of course, advise you as to what your decision should be, for that is a matter committed to your sound discretion subject, of course, to review by the State Board of Insurance and the Courts. Nor can we rule that the fact situation submitted would or would not legally justify a finding that Y or Z or the officers or the directors of Company B or any of them "are not worthy of the public confidence" within the meaning of Section 3 Article 1.14 for that determination is also a matter committed to the discretion of the Insurance Commissioner. Furthermore, we have not been asked to rule on either of these questions. Thus the only question this department could rule upon would be whether a finding of the Commissioner, embodied in an order or orders issued in connection with the powers vested in him by Article 1.14 of Section 3 of the Insurance Code, to the effect that Y or Z or the officers or directors of Company B or any of them breached their fiduciary duty under the fact situation submitted could be legally sustained.

It is our opinion that such a finding with respect to Y and Z could be sustained. The breach of duty, if any, occurred when Y and Z appropriated

from the general fund of the corporation payments aggregating $162,235.00 made by subscribers on their installment contracts for stock in Company A, which contracts were executed on the form attached as Exhibit 1 to the opinion request and which contracts contracted for the purchase of stock aggregating 38,430 shares.

It is our further opinion that there is legal justification for a similar finding that the president of Company B breached his fiduciary duty to Company B in satisfying the subscription contracts (a copy of which is attached as Exhibit 3 to the opinion request) by delivering to the subscribers his personally held stock instead of delivering the un-issued but authorized stock of Company B. There are not sufficient facts submitted with the opinion request to determine whether a similar finding as to the other officers and directors of Company B could be legally sustained. The contention has been made that the transaction set out in your opinion request cannot be considered in connection with any contemplated action under Art. 1.14, Section 3, of the Insurance Code inasmuch as these transactions took place prior to the effective date of Chapters 117 and 307 of the Acts of the 54th Legislature, 1955 (adding to the Insurance Code the powers set out in Sec. 3, Art. 1.14). The ultimate determination of the Commissioner in connection with Sec. 3, Art. 1.14, is whether the "officers and directors or any of them, are not worthy of the public confidence" at the time the Commissioner has the matter under consideration. It is the opinion of this office that the Commissioner can take into consideration in this respect transactions such as those set out in the opinion request in making this determination although the events actually occurred prior to the effective date of Chapter 117 or Chapter 307 of the Acts of the 54th Legislature in 1955. It is not contended that these transactions are too remote and they are relevant evidence of management fitness.

The conclusions herein expressed necessarily are limited to the peculiar fact situations accompanying this opinion request.

## SUMMARY

The facts submitted in the opinion request would sustain a finding of the Commissioner of Insurance (in connection with the exercise of his powers under Section 3, Article 1.14) that Y and Z breached their fiduciary duty to Company A and that the Presi-

dent of Company B likewise breached
his fiduciary duty to Company B.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Wallace P. Finfrock*
Assistant

WPF:aw

APPROVED:

OPINION COMMITTEE:

Geo P. Blackburn, Chairman

L. P. Lollar
Leonard Passmore
Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL
BY:
   W. V. Geppert